IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TERRY SMALLWOOD,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-225**          (JCN: 2023018035)

**BROOKS RUN SOUTH MINING, LLC c/o ANR,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry Smallwood appeals the May 2, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Brooks Run South Mining, LLC, c/o ANR ("Brooks") filed a response.[1] Mr. Smallwood did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied Mr. Smallwood's application for permanent partial disability ("PPD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's order but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smallwood signed an Employees' Report of Occupational Pneumoconiosis on July 22, 2021, indicating that he had 41 years of exposure to the hazards of occupational pneumoconiosis ("OP"). Pulmonary function testing was performed at New River Health Center on July 22, 2021, revealed the FVC was 99% of predicted, the FEV1/FVC was 96%, the DLCO was 95%, and the DL/VA was 104%. Daniel Doyle, M.D., indicated that the carboxyhemoglobin was valid and normal. Dr. Doyle signed a Physician's Report of Occupational Pneumoconiosis dated August 30, 2021. Mr. Smallwood was examined and diagnosed with impairment due to OP. Mr. Smallwood's complaints were shortness of breath with exertion and productive cough. The physical examination revealed no significant physical abnormalities, and breath sounds were normal.

---

[1] Mr. Smallwood is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Brooks is represented by Christopher Pierson, Esq.

On March 29, 2023, Mr. Smallwood was evaluated by the U.S. Department of Labor. Mr. Smallwood reported forty-two years of exposure working in surface mining. Mr. Smallwood complained of productive cough, wheezing, dyspnea, occasional ankle edema, and reported becoming short of breath more easily. He had no smoking history. Pulmonary function testing revealed the FVC was 88% of predicted on pre-bronchodilator, the FEV1/FVC was 97%, the DLCO was 89%, and the DL/VA was 72%. Charles Werntz, M.D., opined that Mr. Smallwood had a normal chest x-ray, normal spirometry, and normal resting and exercise ABGs while demonstrating 10.1 METS of exertion. On April 8, 2023, Kathleen DePonte, M.D., a B-reader, reviewed the March 29, 2023, chest x-ray and found it to be film quality 1. Her impression was that there were no parenchymal or pleural abnormalities consistent with pneumoconiosis.

Mr. Smallwood was examined by the OP Board on October 24, 2023. The OP Board opined that it could not make a diagnosis of OP. The OP Board noted that Mr. Smallwood was a 66-year-old surface coal miner/heavy equipment operator/driller operator/blaster, who had thirty-seven years of exposure to the hazards of occupational pneumoconiosis. Mr. Smallwood indicated that he ceased working in January 2019 due to retirement. Mr. Smallwood reported shortness of breath for ten years, chronic productive cough for fifteen years, and occasional wheezing in the evening for three years. The OP Board noted that Mr. Smallwood had a history of COVID infection in 2021, with no pneumonia or hospitalization; he was diagnosed with hypertension in 2020; and he had a pelvis fracture and lacerated liver in November of 1987. Mr. Smallwood denied hemoptysis, asthma, pleurisy, pneumonia, emphysema, tuberculosis, heart disease, heart attacks, vascular disease, pulmonary surgery, and diabetes. Mr. Smallwood had no smoking history.

Upon examination, Mr. Smallwood was in good general clinical condition and was not in any respiratory distress at rest. The OP Board indicated that his chest cage was well formed, there were no rales, and no wheezing was present. Exercise was not performed due to a history of pelvic fracture. The chest x-rays dated October 24, 2023, showed no evidence of OP. Pulmonary function testing showed that the FVC was 101% of predicted; the FEV1/FVC was 101% of predicted; the DLCO was 75% of predicted; the DL/VA was 77% of predicted; and carboxyhemoglobin was 1.4.

On December 24, 2023, the claim administrator issued an order granting a 0% PPD award based on the OP Board findings dated October 24, 2023. Mr. Smallwood protested this order.

An initial OP Board hearing was held on May 1, 2024. The OP Board's radiologist reviewed Mr. Smallwood's x-rays and stated that the films were good quality, category 1, and that there were no pleural or parenchymal changes consistent with occupational pneumoconiosis and no other pathology present. Dr. Kinder, the OP Board's chair, testified that the July 22, 2021, spirometry study was valid and reproducible and would represent

15% impairment; however, he agreed that the spirometry performed at the October 24, 2023, examination was within normal limits and the volumes were slightly higher than the 2021 study. Dr. Kinder further testified that the 2023 study was the better of the two studies because it had a better flow with a better diffusion. Dr. Kinder also stated that the 2021 study was not reliable because it was performed more than two years before the OP Board exam. He stated that the OP Board made a mistake in their initial findings because they considered the 2021 spirometry results. Dr. Kinder testified that there were no rales nor wheezing present in the most recent exam. Dr. Kinder testified that the OP Board found 10% impairment due to OP based upon the presumptive statute with a DLCO of 75% predicted on the 2023 studies.

Mr. Smallwood underwent additional pulmonary function testing at the CAMC Occupational Lung Center on June 17, 2024. The FVC was 92% of predicted. FEV1/FVC results were not indicated. The DLCO was 77% of predicted and the DL/VA was 92% of predicted.

The OP Board testified at a final hearing on February 19, 2025. Dr. Kinder testified that the OP Board reviewed the pulmonary studies dated March 29, 2023, which were within normal limits and were valid and reproducible. There was a single breath diffusion study with the 2023 testing, which was also valid and reproducible. Dr. Kinder stated that the diffusion study represented approximately 10% impairment. The OP Board also reviewed the June 17, 2024, single breath diffusion study, which was also valid and reproducible. The OP Board opined that the 2024 study also demonstrated approximately 10% impairment. Dr. Kinder stated that, considering the totality of the record, there was no evidence of permanent pulmonary impairment. Dr. Kinder agreed that there were multiple valid studies and single breath diffusion studies that demonstrated impairment; however, he noted that the most reliable testing with the greatest flow was represented by the 2023 study, which showed no impairment. Dr. Kinder explained that the OP Board's policy was to base the impairment findings on the study with the highest flow for the diffusion or the best volumes in ventilatory studies because they show a person's maximal ability. The OP Board concluded that Mr. Smallwood had no impairment related to OP.

On May 2, 2025, the Board affirmed the claim administrator's order denying the application for OP benefits. The Board found that the OP Board was not clearly wrong. Mr. Smallwood now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

3

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Smallwood argues that the OP Board based its decision on a single study due to its own policy;[2] however, the Board must review the record as a whole, which provides multiple spirometry and diffusion studies reflecting at least 10% impairment.

The Board's analysis of the evidence lacks sufficient detail. The Board only noted that the OP Board testified that Mr. Smallwood had no impairment from OP. The Board's discussion did not address the reasoning of the OP Board. The Board does not address the two-year arguments made by Mr. Smallwood or the distinction between the multiple pulmonary function studies and why the OP Board based its decision on the most recent study. We acknowledge that the OP Board's opinions are reviewed under a clearly wrong standard of review by the Board. However, this deferential standard does not relieve the Board from addressing the evidence submitted and meritorious arguments made by the parties.

Upon review, we conclude that the Board failed to adequately consider and analyze the evidence in this claim. The Board simply restated the OP Board's conclusion, without any explanation or determination of the reliability or credibility of the evidence. The Supreme Court of Appeals of West Virginia has emphasized the need for the Board to perform an adequate analysis of the evidence in every claim. *See Workman v. ACNR Resources, Inc.*, 251 W. Va. 796, 916 S.E.2d 638 (2025), and *Gwinn v. JP Morgan Chase*, No. 23-172, 2024 WL 4767011 (W. Va. Nov. 13, 2024) (memorandum decision).

Accordingly, we vacate the Board's May 2, 2025, order and remand the claim to the Board for additional analysis.

---

[2] The OP Board indicated that its policy is to disregard any studies that are more than two years old.

Vacated and Remanded.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White